**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

LIZANDRA VEGA,                                      :

                          Plaintiff,         :

               v.                                   :

HÄSTENS BEDS, INC., HÄSTENS SÄNGAR      :
AB, HÄSTENS LTD, and JAN RYDE, in his     :
individual and professional capacity,             :

                    Defendants.       :

                                      :

---------------------------------------------------------------X

Civil Action No.: 21-cv-2732 (PGG) (SDA)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2021

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

      WHEREAS, Plaintiff Lizandra Vega and Defendants Hästens Beds, Inc.,

Hästens Sängar AB and Jan Ryde (collectively the "Parties" and individually a "Party") hereby

agree to this Confidentiality Agreement ("Agreement") to protect the confidentiality of nonpublic

and competitively sensitive information that they may need to disclose in connection with targeted

jurisdictional discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      THE PARTIES HEREBY AGREE that any person subject to this Agreement – including

without limitation the Parties to this action (including their respective corporate parents,

successors, and assigns), their representatives, agents, experts and consultants, all third parties

providing discovery in this action, and all other interested persons with actual or constructive

notice of this Agreement — will adhere to the following terms, upon pain of contempt:

      1.      With respect to "Discovery Material" (i.e., information of any kind produced or

disclosed in the course of discovery in this action) that a person has designated as "Confidential"

1

pursuant to this Agreement, no person subject to this Agreement may disclose such Confidential Discovery Material to anyone else except as this Agreement expressly permits:

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)      previously non-disclosed financial information exhi(including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any non-public company;

(c)      previously non-disclosed business plans, product-development information, or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual; or

(e)      any other category of information the Court subsequently affords confidential status.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record

during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Agreement;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, the Court and all persons subject to this Agreement will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Agreement will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Agreement may disclose such information only to the following persons:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     the Court, including any appellate court, its support personnel, and court reporters.

8.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Agreement to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto

stating that he or she has read this Agreement and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      In accordance with paragraph 2 of Judge Paul G. Gardephe's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

10.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an Agreement and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11.     In filing Confidential Discovery Material with the Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and

the Parties shall serve the Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court in accordance with paragraph 4(E) of the Judge Gardephe's Individual Practices.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court in accordance with paragraph 4(E) of Judge Gardephe's Individual Practices.

14.     Recipients of Confidential Discovery Material under this Agreement may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Agreement, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.     Nothing in this Agreement will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon

receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.     Each person who has access to Discovery Material designated as Confidential pursuant to this Agreement must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Agreement.

18.     This Agreement will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19.     The Court will retain jurisdiction over all persons subject to this Agreement to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**WIGDOR LLP**

By: _Jeanne Christen_
     Jeanne M. Christensen

85 Fifth Avenue
New York, New York 10003
Telephone:  (212) 257-6800
jchristensen@wigdorlaw.com

*Counsel for Plaintiff*

**NIXON PEABODY LLP**

By: _Todd R. Shinaman_
     Todd Shinaman

1300 Clinton Square
Rochester, NY 14604-1792
Telephone: (585) 263-1000
tshinaman@nixonpeabody.com

*Counsel for Defendant Hästens Sängar AB
and Jan Ryde*

**GALLO VITUCCI KLAR LLP**

By: ____/s/ Scott Goldstein_____
        Scott H. Goldstein
        Ken Merber

Three University Plaza Drive, Suite 402
Hackensack, NJ 07601
Telephone: (551) 276-1910
sgoldstein@gvlaw.com
kmerber@gvlaw.com

*Counsel for Defendant Hästens Beds, Inc.*

Dated: October 7, 2021
        New York, New York

SO ORDERED.

_____
The Honorable Stewart D. Aaron
United States Magistrate Judge

Dated: October 8, 2021

8

Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

LIZANDRA VEGA,                                            :

                                                         :        Civil Action No.: 21-cv-2732
                                    Plaintiff,            :        (PGG) (SDA)
                                                         :
                v.                                        :
                                                         :
HÄSTENS BEDS, INC., HÄSTENS SÄNGAR                        :
AB, HÄSTENS LTD, and JAN RYDE, in his                    :        **NON-DISCLOSURE**
individual and professional capacity,                    :        **<u>AGREEMENT</u>**
                                                         :
                                    Defendants.           :
                                                         :
                                                         :
----------------------------------------------------------------X

        I,_____, acknowledge that I have read and

understand the Protective Agreement in this action governing the non-disclosure of those

portions of Discovery Material that have been designated as Confidential. I agree that I will

not disclose such Confidential Discovery Material to anyone other than for purposes of this

litigation and thatat the conclusion of the litigation I will return all discovery information to

the Party or attorney from whom I received it. By acknowledging these obligations under the

Protective Agreement, I understand that I am submitting myself to the jurisdiction of the

United States District Court for the Southern District of New York for the purpose of any

issue or dispute arising hereunder and that my willful violation of any term of the Protective

Agreement could subject me to punishment for contempt of Court.

                                       _____

                                     Dated:

9