USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lizandra Vega,

                      **Plaintiff,**

-against-

Hasten Beds, Inc. et al.,

                      **Defendants.**

1:21-cv-02732 (PGG) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a letter by Defendants Hästens Sängar AB ("HSAB") and Jan Ryde ("Ryde") (collectively, the "Defendants") (Defs.' 1/14/21 Ltr., ECF No. 81) requesting to seal certain information (as specified in Defendants' Request Nos. 1 through 94) in the following documents and accompanying exhibits that previously were filed to the ECF docket: (1) Declaration of Jeanne M. Christensen filed on December 17, 2021 (unredacted version at ECF No. 71; redacted version at ECF No. 76); (2) Declaration of Lizandra Vega filed on December 17, 2021 (unredacted version at ECF No. 72; redacted version at ECF No. 77); (3) Plaintiff's Memorandum of Law filed on December 17, 2021 (unredacted version at ECF No. 73; redacted version at ECF No. 78); and (4) HSAB's and Ryde's Supplemental Memorandum filed on January 7, 2022 (unredacted version at ECF No. 79; redacted version at ECF No. 80.)[1]

Upon review of the aforesaid documents and exhibits, it is hereby Ordered as follows:

---

[1] Plaintiff previously had filed a letter motion to seal the documents listed in items (1), (2) and (3) in the text above (see Pl.'s 12/20/21 Ltr. Mot. to Seal, ECF No. 74), but clarified in a letter filed on January 14, 2022, that Defendants were the only parties seeking confidential treatment of information contained in such documents. (See Pl.'s 1/14/22 Ltr., ECF No. 82.)

1. Defendants' request to seal is GRANTED as to Defendants' Request Nos. 1, 3 through 33, 35, part of 38 (*i.e.*, only that portion of ECF No. 71-2 at 117:3-22), 40 through 74, part of 75 (*i.e.*, only the first two redacted lines of ECF No. 73 at 16), and 76 through 94. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Defendants assert that the information in their requests contain confidential information regarding ownership and finances of non-public companies, business operations and business strategy, as well as personal information that should be sealed. (*See* Defs.' 1/14/21 Ltr. at 2-8.) The Court finds that the above proposed redactions and sealing requests are narrowly tailored to prevent unauthorized dissemination of sensitive business and financial information, as well as personal information.

2. Defendants' request to seal is DENIED WITHOUT PREJUDICE as to the remaining requests, which are Request Nos. 2, 34, 36, 37, part of 38 (*i.e.*, the portion of ECF No. 71-2 at 117:23-25), 39 and part of 75 (*i.e.*, the third redacted line of ECF No. 73 at 16). These proposed redactions pertain to a business relationship between Hästens and Apple. However, at least some of this information appears to already be in the public

domain,[2] and thus not properly sealed. See Jin v. Choi, No. 20-cv-09129 (MKV) (SDA), 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) ("the Court has no ability to make private that which has already become public" (citations omitted)). If Defendants continue to seek confidential treatment for the Apple-related information, it is hereby Ordered that no later than February 4, 2022, Defendants shall file a letter explaining why confidential treatment is justified.

Additionally, no later than February 4, 2022, consistent with the rulings set forth herein, Defendants shall provide any proposed redactions to the Report and Recommendation entered on January 20, 2022 (ECF No. 83) by emailing the undersigned's chambers (at the email address Aaron_NYSDChambers@nysd.uscourts.gov) a version of the Report and Recommendation showing the proposed redacted information with yellow highlighting.

**SO ORDERED.**

Dated:    New York, New York
          January 21, 2022

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] See https://www.apple.com/business/success-stories/retail/hastens/